UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTY T. CORPUZ,<br><br>    Plaintiff,<br><br>    v.<br><br>MR. COOPER,<br><br>    Defendant. | No. 2:25-cv-02347-TLN-CSK<br><br>**ORDER** |

This matter is before the Court on Plaintiff Betty T. Corpuz's ("Plaintiff") Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction. (ECF No. 4.) For the reasons set forth below, the Court DENIES Plaintiff's motion.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On October 4, 2013, Plaintiff obtained a loan for the purchase or refinance of a property located at 7600 Rock Creek Way, Sacramento, California 95824 ("Subject Property"). (ECF No. 1 at 2.) At some point thereafter, Defendants Mr. Cooper, America West Lender Servies LLC., and Albertelli Law (collectively, "Defendants") initiated foreclosure proceedings. (*Id.*)

On June 16, 2025, Plaintiff sent a letter to Defendants demanding a stop of the foreclosure proceedings immediately. (*Id.* at 16.) On August 9, 2025, Defendants mailed Plaintiff a Notice of Postponement of Trustee's Sale, which stated the Trustee's Sale of the Subject Property had

1

been postponed to September 30, 2025.  (ECF No. 4 at 5.)

On August 18, 2025, Plaintiff commenced this action.  (ECF No. 1.)  On September 9, 2025, Plaintiff filed the instant motion for a TRO and preliminary injunction.  (ECF No. 4.)

## II.   STANDARD OF LAW

A temporary restraining order is an extraordinary remedy.  The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing.  *See* Fed. R. Civ. P. 65.  In general, "[t]emporary restraining orders are governed by the same standard applicable to preliminary injunctions."  *Aiello v. One West Bank*, No. 2:10-cv-0227-GEB-EFB, 2010 WL 406092 at *1 (E.D. Cal. Jan. 29, 2010) (internal citations omitted); *see also* L.R. 231(a).

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)).  "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held."  *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981); *see also Costa Mesa City Emps. Ass'n v. City of Costa Mesa*, 209 Cal. App. 4th 298, 305 (2012) ("The purpose of such an order is to preserve the status quo until a final determination following a trial."); *GoTo.com, Inc. v. Walt Disney, Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000) ("The status quo ante litem refers not simply to any situation before the filing of a lawsuit, but instead to the last uncontested status which preceded the pending controversy.").

For both a TRO and a preliminary injunction, a plaintiff must establish: "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest."  *Winter*, 555 U.S. at 20.  A plaintiff must "make a showing on all four prongs" of the *Winter* test.  *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  In evaluating a plaintiff's motion for a TRO or preliminary injunction, a district court may weigh the plaintiff's showings on the *Winter* elements using a sliding-scale approach.  *Id.*  A stronger showing on the balance of the hardships may support issuing a TRO or preliminary injunction even if there are "serious questions on the merits . . . so long as the plaintiff also shows

1    that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.*
2    Simply put, if Plaintiff's likelihood of success on the merits is questionable, to obtain a TRO or
3    preliminary injunction Plaintiff must demonstrate the balance of hardships "tip[ ] sharply" in their
4    favor. *Id.* at 1134–35.

5    **III.   ANALYSIS**

6    Eastern District of California Local Rule 231(b) provides that "the Court will consider
7    whether the applicant could have sought relief by motion for preliminary injunction at an earlier
8    date without the necessity for seeking last-minute relief by motion for temporary restraining
9    order."  Should the Court find such a delay, the Court may deny the requested TRO on those
10   grounds alone.  L.R. 231(b).

11   In the instant case, Plaintiff fails to sufficiently explain why she did not seek injunctive
12   relief earlier.  It is unclear when Plaintiff became aware of the pending foreclosure sale.  Plaintiff
13   does not attach the Notice of Trustee's Sale for the original sale date, nor does Plaintiff argue she
14   was given insufficient notice of that sale, and Plaintiff fails to allege how or when she became
15   aware of the pending foreclosure sale.  However, Plaintiff did attach a letter dated June 16, 2025,
16   demanding a stop of the foreclosure proceedings (ECF No. 1 at 16) and a Notice of Postponement
17   of Trustee's Sale for the rescheduled September 30, 2025 sale date, which is dated August 19,
18   2025 (ECF No. 4 at 5).  Thus, it appears Plaintiff has had notice of the foreclosure proceedings
19   for months. *See Deck v. Wells Fargo Bank, N.A.*, No. 17CV00234MCEKJNPS, 2017 WL
20   499224, at *2 (E.D. Cal. Feb. 6, 2017) (finding a plaintiff unduly delayed filing a TRO when a
21   Notice of Default was recorded nine months earlier).  Based on the foregoing evidence, and
22   absent any explanation as to why Plaintiff waited until 21 days before the foreclosure sale to file
23   the instant motion, the Court concludes Plaintiff unduly delayed seeking relief.  Furthermore,
24   Plaintiff's undue delay contradicts her allegations of irreparable injury. *Winter*, 555 U.S. at 20.

25   For these reasons, the Court exercises its discretion under Local Rule 231(b) to deny
26   Plaintiff's application for last-minute relief due to Plaintiff's delay contradicts. *See Mammoth*
27   *Specialty Lodging, LLC v. We-Ka-Jassa Inv. Fund, LLC*, No. CIV-S10-0864-LKK-JFM, 2010
28   WL 1539811, at *2 (E.D. Cal. Apr. 16, 2010) (denying a TRO application solely based on Local

Rule 231(b) because "plaintiff did not file the motion until four business days before the scheduled foreclosure sale"); *Avila v. Citi Mortg. Inc.*, No. 1:17-cv-1581-LJO-BAM, 2017 WL 5871473, at *1 (E.D. Cal. Nov. 29, 2017) (finding it appropriate to deny plaintiff's TRO request under Local Rule 231(b) because plaintiff failed to "explain why he waited until the last possible moment to attempt to block the sale."). The Court also finds Plaintiff has not made a showing entitling Plaintiff to the requested relief under *Winter*.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Temporary Restraining Order is DENIED. (ECF No. 4.)

IT IS SO ORDERED.

Date: September 11, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

4