UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTY T. CORPUZ,<br><br>        Plaintiff,<br><br>    v.<br><br>MR. COOPER,<br><br>        Defendant. | Case No. 2:25-cv-02347-TLN-CSK<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST TO PROCEED IFP, AND REQUIRING PLAINTIFF TO RE-FILE A SIGNED COMPLAINT<br><br>(ECF Nos. 1, 2) |

Plaintiff Betty T. Corpuz is representing herself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) For the reasons stated below, the Court DENIES Plaintiff's request to proceed IFP.

I.  **LEGAL STANDARDS**

All parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). To qualify to proceed in forma pauperis, the

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

litigant must submit an affidavit that includes a statement of all assets they possess. 28 U.S.C. § 1915(a)(1). The affidavit must also state that the person is unable to pay the fees or give security. *Id*. The affidavit must provide "sufficient details concerning [the applicant's] income, assets, and expenditures[.]" *Williams v. Cnty. of Ventura*, 443 F. App'x 232, 233 (9th Cir. 2011) (citing *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (an affidavit claiming poverty in support of a motion made under 28 U.S.C. § 1915 must state the relevant facts "with some particularity, definiteness, and certainty").

## II.   DISCUSSION

### A.   Plaintiff's Request to Proceed IFP

Plaintiff's IFP application indicates she receives $9,600 in gross pay or wages and $1,500 in take-home pay or wages. ECF No. 2 ¶ 2. However, Plaintiff does not specify a specific pay frequency as required to determine whether Plaintiff is unable to pay the fees or give security as required pursuant to 28 U.S.C. § 1915(a)(1). Because of this omission, Plaintiff's IFP application fails to establish that she is entitled to prosecute this case without paying the required fees. Plaintiff will be provided an opportunity to file an amended IFP application. Therefore, Plaintiff's request to proceed in forma pauperis (ECF No. 2) is DENIED without prejudice to its renewal in proper form. Plaintiff is warned that failure to pay the filing fee or submit a complete IFP application by the prescribed deadline may result in a recommendation that this action be dismissed.

### B.   Unsigned Complaint

Additionally, the Complaint is not personally signed by Plaintiff. Compl. at 3. Federal Rule of Civil Procedure 11(a) requires that if a party is not represented by an attorney, "[e]very pleading, written motion, and other paper must be signed" by the party personally. In addition, the "paper must state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 11(a); *see also* E.D. Cal. Local Rule 183(b) ("A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address."). Plaintiff is instructed that while she remains unrepresented,

1  she must personally sign every pleading, motion, and other paper she submits to the
2  Court and she must include her address, e-mail address, and telephone number on
3  every pleading, motion, and other paper she submits to the Court. Within thirty (30) days
4  from the date of this order, Plaintiff must re-file her entire Complaint with her signature,
5  and include her address, e-mail address, and telephone number. *See* Fed. R. Civ. P.
6  11(a); *see also* E.D. Cal. Local Rule 183(b). Plaintiff is warned that failure to timely
7  submit a signed Complaint may result in a recommendation that this action be
8  dismissed.

### III.   CONCLUSION

In accordance with the above, IT IS ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is DENIED without prejudice;
2. Plaintiff must pay the filing fee or file a complete and signed application to proceed IFP within thirty (30) days from the date of this order; and
3. Plaintiff must re-file her entire Complaint with her signature and include her address, e-mail address, and telephone number within thirty (30) days from the date of this order.

Dated:  October 9, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, corp2347.25