UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTY T. CORPUZ, | Case No. 2:25-cv-02347-TLN-CSK |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| MR. COOPER, | (ECF No. 12, 14, 20, 22, 33, 34, 38) |
| Defendant. | |

Plaintiff Betty T. Corpuz is proceeding in this action pro se.[1] Pending before the Court is Defendant Nationstar Mortgage, LLC dba Mr. Cooper's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 14.) Plaintiff has also filed the following six (6) miscellaneous motions: (1) motion for preliminary injunction (ECF No. 12); (2) motion to object and motion to strike (ECF No. 20); (3) motion to show proof of service (ECF No. 22); (4) re-noticed motion for preliminary injunction (ECF No. 33); (5) motion to show proof of service (ECF No. 34); and (6) motion for summary judgment (ECF No. 38). Briefing is closed for all motions. On December 9, 2025, the Court submitted the motion to dismiss upon the record and briefs on file and vacated the December 16, 2025 hearing pursuant to Local Rule 230(g). 12/9/2025 Order (ECF No.

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

32). The Court also submits Plaintiff's motions (ECF Nos. 12, 20, 22, 33, 34, 38) upon the record and the briefs pursuant to Local Rule 230(g).

For the reasons that follow, the Court recommends GRANTING Defendant's motion to dismiss without leave to amend (ECF No. 14) and DENYING Plaintiff's motions for preliminary injunction (ECF Nos. 12, 33) and motion for summary judgment (ECF No. 38). Furthermore, the Court ORDERS the following: (1) Plaintiff's motion to object and motion to strike (ECF No. 20) is DENIED; and (2) Plaintiff's motions to show proof of service (ECF Nos. 22, 34) are DENIED.

## I.   BACKGROUND

### A.   Factual Allegations[2]

On or about October 4, 2013, Plaintiff obtained a loan to purchase or refinance a real property located at 7600 Rock Creek Way, Sacramento, California 95824 ("Subject Property"). FAC at 3 ¶ 6 (ECF No. 9). Subsequently, Defendants Mr. Cooper, America West Lender Services, LLC, and Albertelli Law initiated foreclosure proceedings. *Id*. at 3 ¶ 8. Plaintiff alleges Defendants engaged in extortion by using "threats of foreclosure to compel payment on a debt that was void, unenforceable, and not supported by a valid contract." *Id*. at 3 ¶ 9. Plaintiff further alleges that no valid contract exists because "there was no meeting of the minds, no equal consideration, and no two-party 'wet ink' signatures." *Id*. at 3 ¶ 10. As a result, Plaintiff alleges she has suffered financial harm, damage to credit, emotional distress, and imminent loss of her home. *Id*. at 3 ¶ 14.

### B.   Procedural Posture

Plaintiff initiated this action on August 18, 2025 seeking to proceed in forma pauperis ("IFP"). (ECF Nos. 1, 2). On September 9, 2025, Plaintiff filed a motion for a temporary restraining order and motion for preliminary injunction to enjoin a Trustee's

---

[2]   These facts primarily derive from the First Amended Complaint ("FAC") (ECF No. 9), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

Sale of the Subject Property, which was denied by the assigned district judge on September 11, 2025 based on Plaintiff's undue delay. (ECF Nos. 4, 5). On October 9, 2025, the Court denied Plaintiff's IFP motion without prejudice to its renewal in proper form and directed Plaintiff to file a personally signed Complaint. 10/9/2025 (ECF No. 6). On October 10, 2025, Plaintiff paid the filing fee and filed her FAC as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1). *See* Docket.

On November 5, 2025, Defendant Mr. Cooper filed the pending motion to dismiss and set it for a December 16, 2025 hearing before the undersigned. Def. Mot. (ECF No. 14). Defendant Mr. Cooper moves to dismiss all claims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *Id*. In support of its motion, Defendant Mr. Cooper requests that the Court take judicial notice of various documents. Def. Request for Judicial Notice ("RJN") (ECF No. 15). On November 10, 2025, Plaintiff filed a motion to object and motion to strike Defendant's motion to dismiss, which Defendant Mr. Cooper opposes. (ECF Nos. 20, 21.) On November 19, 2025, Plaintiff filed her unsigned opposition to Defendant Mr. Cooper's motion to dismiss. (ECF No. 23.) A day later, Plaintiff filed a signed second opposition to Defendant Mr. Cooper's motion to dismiss. (ECF No. 29.) Defendant filed its reply on November 25, 2025. (ECF No. 30).

To date, Defendants America West Lender Services, LLC, and Albertelli Law have not appeared in this action. *See* Docket. On February 9, 2026, the Court issued an order providing Plaintiff notice that it may sua sponte dismiss Plaintiff's claims against Defendants America West Lender, LLC and Albertelli Law without leave to amend for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). 2/9/2026 Order (ECF No. 44). Plaintiff filed her unsigned response to the Court's February 9, 2026 Order. (ECF No. 45.)

## II.   LEGAL STANDARDS

### A.   Pro Se Pleadings, Construction and Amendment

Pro se pleadings are to be liberally construed and afforded the benefit of any

3

doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). Upon dismissal of any claims, the court must tell a pro se plaintiff of a pleading's deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). However, if amendment would be futile, leave to amend does not need to be provided. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).

To determine the propriety of a dismissal motion, the court may not consider facts raised outside the complaint (such as in an opposition brief), but it may consider such facts when deciding whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

### B.     Failure to State a Claim under Rule 12(b)(6)

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *Id.* However, the court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *Paulsen*, 559 F.3d at 1071.

## III.   DISCUSSION

Prior to addressing Defendant Mr. Cooper's motion to dismiss, the Court will first address Plaintiff's multiple oppositions to the pending motion to dismiss, Defendant Mr. Cooper's request for judicial notice in support of its pending motion, and Plaintiff's motion to strike.

### A.     Plaintiff's Oppositions

Plaintiff's opposition to Defendant Mr. Cooper's motion to dismiss was due November 19, 2025 pursuant to Local Rule 230(c). *See* ECF No. 18. Plaintiff filed an

4

unsigned opposition on November 19, 2025. (ECF No. 23.) On November 20, 2025, Plaintiff filed a signed opposition. (ECF No. 29.) Although Plaintiff's second opposition was filed a day late, the Court will consider the second opposition as it was personally signed by Plaintiff as required pursuant to Federal Rule of Civil Procedure 11(a). Fed. R. Civ. P. 11(a) (Rule 11(a) requires that if a party is not represented by an attorney, "[e]very pleading, written motion, and other paper must be signed" by the party personally). The Court declines to consider Plaintiff's unsigned opposition at ECF No. 23 in its review of the motion to dismiss.

### B.      Judicial Notice

Defendant Mr. Cooper requests the Court take judicial notice of six (6) exhibits relating to the Subject Property: (1) Grant Deed (Exh. 1); (2) Deed of Trust (Exh. 2); (3) Corporate Assignment of Deed of Trust (Exh. 3); (4) Substitution of Trustee (Exh. 4); (5) Notice of Default (Exh. 5); and (6) Notice of Trustee's Sale (Exh. 6). *See* ECF No. 15-1. Plaintiff did not oppose the request. The request is granted in its entirety. "The court may judicially notice a fact that is not subject to reasonable dispute because it...can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(c). In the Ninth Circuit, "court filings and other matters of public record" are sources whose accuracy cannot reasonably be questioned for the purposes of Rule 201 of the Federal Rules of Evidence. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *see also Gamboa v. Tr. Corps*, 2009 WL 656285, at *3 (N.D. Cal. Mar. 12, 2009) (taking judicial notice of recorded documents related to a foreclosure sale, including grant deed and deed of trust, as they were "part of the public record and [] easily verifiable").

### C.      Motion to Strike

Plaintiff moves to strike Defendant Mr. Cooper's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(f) based on the grounds that Defendant's motion is procedurally deficient, contains misrepresentations, states irrelevant and prejudicial allegations, fails to state a cognizable defense, and further argues Defendant Mr.

Cooper lacks standing as a real party in interest. ECF No. 20 at 1-2. Defendant Mr. Cooper opposes the motion, arguing that Rule 12(f) does not apply to a motion to dismiss as it is not considered a pleading under the Federal Rules of Civil Procedure. Def. Opp'n (ECF No. 21) (citing Fed. R. Civ. P. 7(a)).

Rule 12(f) grants the authority to the district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Under the express language of the rule, only pleadings are subject to motions to strike." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Pleadings are limited to the complaint, answer, a third-party complaint, and if the court orders one, a reply to an answer. Fed. R. Civ. P. 7(a). Therefore, Plaintiff's motion is procedurally improper. Accordingly, the Court DENIES Plaintiff's motion to strike.

### D.      Defendant Mr. Cooper's Motion to Dismiss

Plaintiff brings this action against Defendants Mr. Cooper, America West Lender Services LLC, and Albertelli Law alleging the following seven (7) causes of action against all Defendants: (1) wrongful foreclosure; (2) extortion; (3) Racketeer Influenced and Corrupt Organization ("RICO") violations pursuant to 18 U.S.C. §§ 1961-1968; (4) unjust enrichment; (5) Fair Debt Collection Practices Act ("FDCPA") violations pursuant to 15 U.S.C. §§ 1692e(4), 1692f(6); (6) invalid contract; and (7) Privacy Act violations. FAC at 2-4. Defendant Mr. Cooper moves to dismiss the entire FAC pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Def. Mot. Plaintiff opposes the motion only on the basis that Defendant Mr. Cooper lacks Article III standing to enforce any rights related to the mortgage loan documents concerning the Subject Property. *See generally* Pl. Opp'n (ECF No. 29).

#### 1.      *Plaintiff's Article III Standing Argument*

The Court first addresses Plaintiff's standing argument, which fails. To have Article III standing, a plaintiff must show (1) it has suffered an "injury in fact," (2) its injury is "fairly traceable" to the defendant's actions, and (3) its injury will likely be "redressed" by the action. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Here, as the

party invoking federal jurisdiction, Plaintiff bears the burden of establishing Article III standing, not defendants. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

### 2. *Failure to State a Claim*

#### a. *Wrongful Foreclosure (First Cause of Action)*

Defendant Mr. Cooper argues Plaintiff fails to state a claim for wrongful foreclosure because no foreclosure sale has occurred on the Subject Property, a prerequisite for this claim. Def. Mot at 5. Plaintiff does not oppose this argument. *See generally* Pl. Opp'n. To state a cause of action for wrongful foreclosure under California law, a plaintiff must allege: "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." *Miles v. Deutsche Bank Nat'l Tr. Co*., 236 Cal. App. 4th 394, 408 (2015) (quoting *Lona v. Citibank, N.A*., 202 Cal. App. 4th 89, 104 (2011)). Although a Notice of a Trustee Sale has been recorded on the Subject Property, no foreclosure sale has occurred to date. *See* RJN, Exh. 6. Where a foreclosure sale has not occurred, a claim for wrongful foreclosure is premature. *See Salazar v. Select Portfolio Servicing, Inc*., 2025 WL 1424369, at *6 (E.D. Cal. May 16, 2025) (citing cases). Accordingly, the Court finds that Plaintiff fails to state a claim for wrongful foreclosure. The Court recommends dismissing Plaintiff's wrongful foreclosure claim without leave to amend.

#### b. *Extortion (Second Cause of Action)*

Defendant Mr. Cooper next argues Plaintiff's extortion cause of action fails to state a claim because there is no private right of action under criminal statutes. Def. Mot. at 5. Plaintiff does not oppose this argument. *See generally* Pl. Opp'n. Plaintiff does not identify any federal statute or right that provides for a private cause of action for extortion. Accordingly, the Court finds that Plaintiff fails to state an extortion claim. *See*

*Samzelius v. Bank of Am., No*. 2012 WL 12949683, at *9 (N.D. Cal. Oct. 9, 2012) ("Extortion is a federal criminal offense, and there is no private right of action for extortion."); *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of federal criminal statutes). Accordingly, the Court recommends dismissing Plaintiff's extortion claim without leave to amend.

c.    *RICO Violations (Third Cause of Action)*

Defendant Mr. Cooper argues Plaintiff's claim for RICO violations fails to state a claim because Plaintiff alleges conclusory statements that do not support a claim under RICO. Def. Mot. at 6-7. Plaintiff does not oppose this argument. *See generally* Pl. Opp'n. To state a civil RICO claim, a party must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to the plaintiff's 'business or property.'" *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996) (citing 18 U.S.C. §§ 1964(c), 1962(c)). Moreover, in alleging fraud, Plaintiff must meet the heightened pleading standard of Federal Rule of Civil Procedure 9 and allege when, where, or how the alleged fraud occurred, which Plaintiff fails to do here. *See Edwards v. Marin Park, Inc*., 356 F.3d 1058, 1066 (9th Cir. 2004) (applying heightened pleading standard of Rule 9 to civil predicate acts of fraud). The FAC alleges Defendants "through a pattern of racketeering activity including mail fraud, wire fraud, and extortion, operated an enterprise for the purpose of unlawfully collecting debts and foreclosing on property." FAC at 4. The Court finds that Plaintiff alleges vague and conclusory statements that do not establish each of the RICO elements as required. Accordingly, the Court finds that Plaintiff fails to state a RICO claim. The Court recommends dismissing Plaintiff's RICO claim without leave to amend.

d.    *Unjust Enrichment (Fourth Cause of Action)*

Defendant next argues that Plaintiff's claim for unjust enrichment is not a standalone cause of action and to the extent Plaintiff is arguing Defendant Mr. Cooper was unjustly enriched, Plaintiff's claim fails. Def. Mot. at 7. Plaintiff does not oppose this argument. *See generally* Pl. Opp'n. "[I]n California, there is not a standalone cause of

8

action for 'unjust enrichment,' which is synonymous with 'restitution.'" *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (citation omitted). To the extent Plaintiff seeks to bring a cause of action involving unjust enrichment, she would have to show "receipt of a benefit and the unjust retention of the benefit at the expense of another," which Plaintiff fails to do here. *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1593 (2008). The FAC alleges conclusory and vague allegations that "Defendants received funds and property to which they had no lawful right." FAC at 4. Accordingly, the Court finds that Plaintiff fails to state a claim for unjust enrichment. The Court recommends dismissing Plaintiff's unjust enrichment claim without leave to amend.

e.    <em>FDCPA Violations (Fifth Cause of Action)</em>

Defendant Mr. Cooper argues that Plaintiff's FDCPA claim fails because Plaintiff has not established that Defendant Mr. Cooper is a "debt collector" as defined by the FDCPA. Def. Mot. at 8-9. Plaintiff does not oppose this argument. *See generally* Pl. Opp'n. Under the FDCPA, a "debt" is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." *McNair v. Maxwell & Morgan PC*, 893 F.3d 680, 682 (9th Cir. 2018) (citing 15 U.S.C. § 1692a(5)). A "debt collector' is anyone who "regularly collects or attempts to collect ... debts owed or due ... another." *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 79 (2017) (citing 15 U.S.C. § 1692a(6)). "[T]hose who engage in only nonjudicial foreclosure proceedings are not debt collectors within the meaning of the Act." *Obduskey v. McCarthy & Holthus LLP*, 586 U.S. 466, 477 (2019) (holding a business engaged in nonjudicial foreclosure proceedings simply engaged in enforcing a security interest was not a "debt collector" within the meaning of the FDCPA). Here, Plaintiff's FAC fails to allege Defendant Mr. Coooper's principal purpose is debt collection. *See Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204 (9th Cir. 2013) (home mortgagors failed to sufficiently allege in their Complaint that mortgagee's principal purpose of business is

9

debt collection and therefore a debt collector, as would be required to state a claim under FDCPA). On the contrary, the Subject Property's documents related to the Deed of Trust and foreclosure documents clearly establish that Defendant Mr. Cooper is engaged in nonjudicial foreclosure proceedings on the Subject Property under a Deed of Trust. *See* RJN at Exhs. 5, 6; *see also Vien-Phuong Thi Ho v. ReconTrust Co., NA*, 858 F.3d 568, 574 (9th Cir. 2017) (notices of default and of trustee sale in order to facilitate nonjudicial foreclosure are not attempts to collect "debt" by a "debt collector" under the FDCPA). Accordingly, the Court finds that Plaintiff fails to state a claim for FDCPA violations because Defendant Mr. Cooper is not a "debt collector" within the meaning of the FDCPA. The Court recommends dismissing Plaintiff's FDCPA claim without leave to amend.

f.    *Invalid contract (Sixth Cause of Action)*

Plaintiff alleges an "invalid contract" claim based on there being "no meeting of the minds, no mutual consideration, and no lawful form of payment." FAC at 4. As best as the Court can decipher, Plaintiff appears to challenge the validity of the mortgage loan agreement and related documents at the time of their formation. Plaintiff entered into the mortgage loan agreement in October 2013. *See* RJN, Exhs. 1, 2. Plaintiff filed this action on August 18, 2025, over 10 years after the mortgage loan documents were entered. *See* ECF No. 1. California applies a four-year statute of limitations on claims related to written contracts. *See* Cal. Civ. P. § 337(a) (four-year statute of limitations for written contracts). Accordingly, the Court finds that Plaintiff fails to state a claim for invalid contract because it is time-barred. The Court recommends dismissing Plaintiff's invalid contract claim without leave to amend.

g.    *Privacy Act Violations (Seventh Cause of Action)*

Last, Plaintiff asserts a claim for "Privacy Act violations" and alleges "Defendants disclosed, used, or mishandled Plaintiff's personal and financial information without consent." FAC at 4. Plaintiff does not identify a specific statute, or which defendant is responsible for which alleged violation. *Id.* As a result, Plaintiff has failed to give fair

10

notice of the claims being asserted against which defendants and fails to state a claim. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants."). To the extent Plaintiff seeks to bring a claim pursuant to the Privacy Act of 1974, a federal agency is the only proper defendant for a Privacy Act claim seeking a civil remedy. *See Rouse v. U.S. Dep't of State*, 567 F.3d 408, 413 n.3 (9th Cir. 2009) (noting that "[b]ecause the Privacy Act only permits suits against an 'agency,' and does not apply to individual defendants, the district court dismissed the claims against the individual defendants[.]") (citing 5 U.S.C. § 552a(g)(1)). Accordingly, Plaintiff fails to state a claim for Privacy Act violations. The Court recommends dismissing Plaintiff's Privacy Act claim without leave to amend.

### E.    Leave to Amend

If the court finds that a complaint should be dismissed for failure to state a claim, it has discretion to dismiss with or without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. *Id*. at 1130-31; *see also Cato v. United States,* 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citation omitted). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. *Cato*, 70 F.3d at 1105-06.

Here, the Court finds that amendment would be futile because Plaintiff does not state any claim upon which relief can be granted as outlined above. Moreover, despite being provided with an opportunity to oppose dismissal of her claims, Plaintiff did not address Defendant Mr. Cooper's grounds for dismissal and has therefore conceded dismissal. *See Silva v. U.S. Bancorp*, 2011 WL 7096576, at *3 (C.D. Cal. Oct. 6, 2011) (holding that plaintiff conceded to a dismissal of his claim for failing to oppose the motion

11

to dismiss). The Court concludes that amendment would be futile, and therefore, leave to amend should not be provided as to Defendant Mr. Cooper. *See Lathus*, 56 F.4th at 1243.

### F.      Sua Sponte Dismissal of Defendants America West Lender Services, LLC, and Albertelli Law

There are no allegations raised against Defendants America West Lender Services, LLC and Albertelli Law in the FAC. *See generally* FAC. The FAC generally refers to all Defendants for each cause of action and does not identify which Defendant is responsible for which alleged violations. *Id.*

A court may dismiss a claim sua sponte under Federal Rule of Civil Procedure 12(b)(6). *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). A sua sponte dismissal for failure to state a claim requires the court to "give notice of its sua sponte intention to invoke Rule 12(b)(6) and afford plaintiffs an opportunity to at least submit a written memorandum in opposition to such motion[.]" *Wong v. Bell*, 642 F.2d 359, 362 (9th Cir. 1981) (internal quotation marks and citation omitted). On February 9, 2026, the Court provided Plaintiff with notice of the Court's intention to sua sponte dismiss Defendants America West Lender Services, LLC, and Albertelli Law from this action for failure to state a claim and provided Plaintiff fourteen days to file an opposition. 2/9/2026 Order. On February 20, 2026, Plaintiff filed an unsigned response. *See* ECF No. 45. Despite Plaintiff submitting an unsigned response, the Court has considered Plaintiff's response, which generally states that she has pleaded sufficient allegations against all Defendants. *See generally id*. The Court finds sua sponte dismissal of Plaintiff's claims against Defendants America West Lender Services, LLC, and Albertelli Law is appropriate here. *See Omar*, 813 F.2d at 991; *Silverton v. Dep't of Treasury of U. S. of Am.*, 644 F.2d 1341, 1345 (9th Cir. 1981).

Because leave to amend would be futile, the Court recommends all claims against Defendants America West Lender Services, LLC, and Albertelli Law be dismissed sua sponte without leave to amend. *See Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345

12

(9th Cir. 1981) (district court "may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants"); *see also Creech v. Tewalt*, 84 F.4th 777, 787 (9th Cir. 2023) ("although sua sponte dismissals are unusual they are permitted under our precedent").

### G.   Plaintiff's Motions for Preliminary Injunction

Plaintiff has filed two motions for preliminary injunction seeking to enjoin foreclosure and eviction proceedings on the Subject Property pending the resolution of this action. *See generally* ECF Nos. 12, 33.

Under federal law, a preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, the plaintiff must show (1) they are "likely to succeed on the merits"; (2) they are "likely to suffer irreparable harm in the absence of a preliminary injunction"; (3) "the balance of equities tips in [their] favor"; and (4) a preliminary injunction "is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20) (referred to as the *Winter* factors). Because the Court recommends that this action be dismissed in its entirety, this Court finds that Plaintiff fails to demonstrate that she is likely to succeed on the merits of her claims. For this reason, Plaintiff's motions for preliminary injunction should also be denied.

### H.   Plaintiff's Miscellaneous Motions

Because the Court is recommending the FAC be dismissed without leave to amend, Plaintiff's motions for proof of service (ECF Nos. 22, 34) are DENIED and the Court recommends denying as moot Plaintiff's motion for summary judgment (ECF No. 38).

## IV.   CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1.   Plaintiff's motion to object and motion to strike (ECF No. 20) is DENIED;

and

2.     Plaintiff's motions for proof of service (ECF Nos. 22, 34) are DENIED.

Further, based upon the findings above, it is RECOMMENDED:

1.     Defendant Mr. Cooper's motion to dismiss (ECF No. 14) be GRANTED without leave to amend;

2.     On the Court's own motion, Plaintiff's claims against Defendants America West Lender Services, LLC, and Albertelli Law be DISMISSED without leave to amend;

3.     Plaintiff's motions for preliminary injunction (ECF Nos. 12, 33) be DENIED;

4.     Plaintiff's motion for summary judgment (ECF No. 38) be DENIED; and

5.     The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  February 24, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, corp2347.25

14