UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BETTY T. CORPUZ,

Plaintiff,

v.

MR. COOPER, et al.,

Defendants.

No. 2:25-cv-02347-TLN-CSK

**ORDER**

This matter is before the Court on Plaintiff Betty T. Corpuz's ("Plaintiff") motion for reconsideration of the Court's Order adopting the magistrate judge's findings and recommendations to dismiss the case. (ECF No. 52.) Defendant Mr. Cooper ("Defendant") filed an opposition. (ECF No. 53.) Plaintiff replied. (ECF No. 54.) For the reasons set forth below, the Court DENIES Plaintiff's motion.

On August 18, 2025, Plaintiff filed this action challenging foreclosure of her property. (ECF No. 1.) Following Plaintiff's First Amended Complaint (ECF No. 9), Defendant filed a motion to dismiss. (ECF No. 14.) After the motion was fully briefed, the assigned magistrate judge made findings and recommendations to dismiss the action with prejudice for failure to state

a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (ECF No. 46.) The magistrate judge found amendment would be futile because Plaintiff had not stated any claim and Plaintiff had conceded dismissal by failing to address the arguments in Defendant's motion. (*Id.* at 11 (citing *Silva v. U.S. Bancorp*, No. 5:10-CV-01854-JHN, 2011 WL 7096576, at *3 (C.D. Cal. Oct. 6, 2011)).) The magistrate judge also recommended *sua sponte* dismissal of defendants America West Lender Services, LLC and Albertelli Law for failure to state a claim under Rule 12(b)(6) (*id.* at 12), after providing Plaintiff with notice and an opportunity to object (ECF No. 44). Upon conducting a *de novo* review of the record, the Court adopted the magistrate judge's findings and recommendations in full and entered judgment on April 14, 2026. (ECF Nos. 50, 51.) Plaintiff has now filed a motion for reconsideration of that Order. (ECF No. 52.)

Federal Rule of Civil Procedure 60(b) allows a district court to relieve a party from a final judgment or order for "any [] reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The moving party must demonstrate "extraordinary circumstances justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). However, Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotation marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control[.]" *Id.* Additionally, Local Rule 230(j) requires a motion for reconsideration to state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion." L.R. 230(j)(3)–(4).

Here, Plaintiff has failed to demonstrate she is entitled to relief under Rule 60(b) and Local Rule 230(j). In her motion, she does not identify any new facts or extraordinary circumstances. Rather, Plaintiff reasserts the arguments she raised in objection to the magistrate

[1] The magistrate judge also recommended denying six motions filed by Plaintiff, all of which were fully briefed. (ECF No. 46.)

judge's findings and recommendations (ECF No. 47), which this Court already considered in rendering judgment. Thus, the Court finds no basis to reopen this closed action under Rule 60(b)(6). Accordingly, the Court DENIES Plaintiff's motion for reconsideration.

IT IS SO ORDERED.

Date: July 27, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE